(915 P.2d 157)
No. 74,424

NANCY E. LAWRENCE, *Appellant*, v. WALTER COBLER, CPA, CHARTERED; and TRINITY UNIVERSAL INSURANCE COMPANY, *Appellees*, and THE KANSAS WORKERS COMPENSATION FUND.

Opinion filed April 26, 1996.

*Paul D. Post*, of Topeka, for appellant.

*Matthew S. Crowley*, of Gehrt & Roberts, Chartered, of Topeka, for appellees.

Before GERNON, P.J., GREEN, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J.: This is a workers compensation case. A special administrative law judge awarded Nancy Lawrence workers compensation benefits for a work-related back injury. Lawrence's employer, Walter Cobler, CPA, Chartered (Cobler firm), and its insurance carrier, Trinity Universal Insurance Company (Trinity), appealed the decision to the Workers Compensation Board (Board). The Board reversed the decision, finding that Lawrence's claim for compensation was not timely filed as required by K.S.A. 44-520a and K.S.A. 44-557(c). Lawrence appealed to this court.

The facts in this case are not greatly in dispute and are as follows: In January 1990, Lawrence was working as a bookkeeper at the Cobler firm. Lawrence injured her back on January 10, 1990, while pulling a box out from under an office work station. Lawrence testified that she notified Linda Hauschild, the chief administrative officer, or Toni Cook, the office manager, about the accident and went home to take some pain medication. Hauschild denied that Lawrence informed her of the accident. It is undisputed that no one from the Cobler firm ever filed an accident report with the Workers Compensation Director.

Lawrence returned to work the following day, and the next day she went to see her regular physician, Dr. William Lentz, who prescribed medication. Lentz was not the company doctor. Lentz later recommended that Lawrence be hospitalized. She refused. Lawrence claims that Hauschild came to her in March and asked her whether she wanted to file a workers compensation claim. Lawrence said no because she did not want it on her record. On April 19, 1990, Lawrence quit her job.

Lawrence's condition deteriorated, and she was hospitalized in July 1990. Upon her release, she underwent medication treatment as well as physical therapy. In September 1990, Lawrence sent Toni Cook a Globe Life Insurance Company (Globe Life) credit disability claim form and requested Cook to sign it. Although the claim form stated that Lawrence had been injured in January 1990 while pulling a box out from under a work bench, it did not indicate where the accident occurred and it did not say that Lawrence was making any type of claim against the Cobler firm. The "Credit Disability Claim Form" names Globe Life as the insurance company and Ford Credit Company as the lending institution and states that claim payments are to be made "directly to the lending institution." At no place does the claim request workers compensation from the Cobler firm or its insurance carrier, Trinity.

On May 29, 1991, Lawrence's attorney, Paul D. Post, sent the Cobler firm a letter containing a written claim signed by Lawrence for workers compensation for the injury which occurred on January 10, 1990. The claim was heard by a special administrative law judge, who awarded Lawrence workers compensation in the amount of $25,931.34. The Cobler firm and Trinity filed a petition for review with the Board.

In their petition for review, the Cobler firm and Trinity raised a number of issues, including whether Lawrence suffered personal injury by accident arising out of the scope of her employment, whether Lawrence gave timely notice of the accident, whether Lawrence served a timely notice of claim, and whether the Kansas Workers Compensation Fund should bear a portion of the liability for the claim. They also challenged the amount of temporary total disability and medical expenses and the nature and extent of Lawrence's disability

The Board decided the appeal on the single issue of whether the claim was timely filed, holding that all other issues were rendered moot as a result of its decision. Thus, the sole issue before this court on appeal is whether the Board erred in holding that Lawrence was barred from recovery because she failed to file her claim for workers compensation in a timely fashion pursuant to K.S.A. 44-520a and K.S.A. 44-557(c).

In this case, we will assume that Lawrence was injured in the course of her employment on January 10, 1990; that she reported her injury to Linda Hauschild, the Cobler firm's administrative officer, or to Toni Cook, its office manager; and that the Cobler firm did not file an accident report. We accept the undisputed fact that Lawrence did not sign a claim for compensation prior to August 25, 1990, when she mailed to Cook a Globe Life credit disability claim form and requested Cook to sign it. This form was sent by Hauschild to the Cobler firm's insurer, Trinity, shortly thereafter.

The evidence is undisputed that in October 1990, Lawrence applied for social security benefits, which were refused on May 4, 1991. Lawrence then applied to the Cobler firm for workers compensation by a written claim prepared by her attorney, signed May 29, 1991, and received by the Cobler firm about June 4, 1991. The Form E-1 was filed with the office of the Director on June 3, 1991, almost 17 months after the accident occurred.

The basic issue is whether the Globe Life credit disability claim form delivered in September 1990 to Toni Cook constituted a written claim for workers compensation as required by K.S.A. 44-520a and K.S.A. 44-557(c).

K.S.A. 44-520a(a) requires a workers compensation claimant to serve a written claim for compensation upon the employer within 200 days after the accident, "or in cases where compensation payments have been suspended within two hundred (200) days after the date of the last payment of compensation." That limitation period is extended by K.S.A. 44-557(c) to 1 year in cases where the employer fails to file a report of a known accident.

It is well settled that a written claim for compensation under K.S.A. 44-520a(a) "need not take on any particular form, so long as it is in fact a claim." *Bahr v. Iowa Beef Processors, Inc.*, 8 Kan. App. 2d 627, 633, 663 P.2d 1144, *rev. denied* 233 Kan. 1091 (1983). Whether an instrument propounded as a written claim for compensation in a workers compensation case or whether a claim for compensation has been filed in time is primarily a question of fact. As to questions of fact, the appellate court reviews the record only to determine whether it contains substantial evidence to support

the trial court's finding, and in doing so all the evidence is reviewed in the light most favorable to the prevailing party below. Only in the event the evidence is undisputed is the question one of law for appellate review. *Ours v. Lackey*, 213 Kan. 72, 78, 515 P.2d 1071 (1973).

A written claim for compensation prescribed by K.S.A. 44-520a need not take any particular form so long as it is, in fact, a claim. In determining whether a written claim for compensation was served on the respondent, the trial court should examine the various writings and all the surrounding facts and circumstances and, after considering all these things, place a reasonable interpretation upon them to determine what the parties had in mind. 213 Kan. at 79.

In this case, the Board found that the language of the Globe Life credit disability claim form did not claim any sort of compensation from the Cobler firm. There is no demand in the form for workers compensation payments or payment of medical expenses or any language that could be interpreted as a claim for compensation. Likewise, Lawrence did not testify that she intended the claim form to constitute a claim for compensation from the Cobler firm.

Lawrence's argument is that the Globe Life claim form notified the Cobler firm that she had suffered a work-related injury. Clearly, a *notice of an injury* does not constitute a *claim for compensation*. There is more than substantial evidence to support the Board's finding that the Globe Life credit disability claim did not constitute a claim for compensation. The record in this case contains substantial evidence to support the finding of the Board that Lawrence's claim for workers compensation was not timely filed as required by K.S.A. 44-520a and K.S.A. 44-557(c).

Lawrence also contends that since the Cobler firm failed to provide her with medical treatment, her treatment with Dr. Lentz should be deemed authorized, thus tolling the statute under the provisions of K.S.A. 1989 Supp. 44-510(b), which provides that "[i]f the employer has knowledge of the injury and refuses or neglects to reasonably provide the benefits required by this section, the employee may provide the same for such employee, and the employer shall be liable for such expenses subject to the regulations

adopted by the director." This issue was decided by the Supreme Court in *Solorio v. Wilson & Co.*, 161 Kan. 518, 523, 169 P.2d 822 (1946), which held that an employee's procurement of his or her own medical treatment is not the equivalent of compensation payments and the statute of limitations for the purpose of a written claim will not be tolled. We hold that the *Solorio* case is directly on point and supports the holding of the Board in this case.

Lawrence's reliance on *Johnson v. Skelly Oil Co.*, 180 Kan. 275, 303 P.2d 172 (1956), is misplaced. Unlike *Johnson*, there is no evidence that the Cobler firm ever directed, suggested, or otherwise authorized Lawrence to seek medical attention from Dr. Lentz for her alleged injury. Lawrence bases her argument on the fact that the firm "failed to provide medical treatment" and never "directed" her to see any physician. An employee's procurement of medical treatment from his or her own physician will not toll the statute of limitations for the purpose of filing a written claim for compensation unless there is evidence that the employer directed, suggested, or otherwise authorized the employee to seek medical attention from his or her own physician.

Lawrence's claim for compensation was not timely filed.

Affirmed.