No. 117,987

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAMON L. PIERSON,
*Appellee*,

v.

CITY OF TOPEKA,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 77-607(b)(2), nonfinal agency action is "the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency."

2.

A remand by the Workers Compensation Board to the administrative law judge on the extent of preaward medical expenses is a nonfinal agency action.

3.

Final agency action under K.S.A. 77-607(b)(1) "means the whole or part of any agency action other than nonfinal agency action."

4.

The law of the case doctrine prevents relitigation of the same issues within successive stages of the same lawsuit.

1

5.

To recover penalties for failing to pay compensation awarded in a workers compensation case, the demand for benefits not paid must set forth with particularity the items of disability and medical compensation claimed to be unpaid and past due.

6.

K.S.A. 2017 Supp. 44-536(g) authorizes an award for attorney fees "on the basis of the reasonable and customary charges in the locality for such services and not on a contingent fee basis."

7.

An award for attorney fees in a workers compensation case is controlled by statute. K.S.A. 2017 Supp. 44-536(g) specifically limits an award of attorney fees to issues raised before the administrative law judge and Workers Compensation Board, not on appeal.

8.

Kansas Supreme Court Rule 7.07(b)(1) (2018 Kan. S. Ct. R. 50) only authorizes an award of attorney fees for the appeal of a case when the district court had authority to award fees. A workers compensation case is not heard by the district court. Therefore, attorney fees in a workers compensation case cannot be awarded under Kansas Supreme Court Rule 7.07(b)(1).

Appeal from Workers Compensation Board. Opinion filed June 15, 2018. Affirmed in part, reversed in part, dismissed in part, and remanded with directions.

*Douglas M. Greenwald* and *Karl L. Wenger*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellant.

*Paul D. Post*, of Topeka, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

SCHROEDER, J.:  The City of Topeka (Topeka) appeals and Damon L. Pierson cross-appeals the decision of the Workers Compensation Board (the Board). We find Topeka prematurely appealed the Board's remand for the administrative law judge (ALJ) to determine whether Pierson's preaward medical expenses were reasonably necessary to cure and relieve his work-related injuries. Since the remand is a nonfinal agency action, we have no jurisdiction to address the issue, and that portion of Topeka's appeal is dismissed. The remaining issues on appeal involve whether Pierson is entitled to payment of his postaward medical expenses; his entitlement to penalties for the nonpayment of his postaward medical expenses; attorney fees for the prosecution of the case for postaward medical expenses; and attorney fees on appeal.

We find the request for payment of postaward medical expenses should be effective as of February 11, 2016, six months before Pierson filed his motion for penalties on August 11, 2016. The request for penalties is denied because Pierson failed to set out his demand letter with particularity as to what postaward medical expenses needed to be paid. We determine the Board failed to properly apply K.S.A. 2017 Supp. 44-536(g) when assessing attorney fees, and we must remand for the Board to consider the reasonable and customary fees charged in the locality while considering the guidance of Kansas Rule of Professional Conduct (KPRC) 1.5(a) (2018 Kan. S. Ct. R. 294). Finally, we determine Pierson is not entitled to attorney fees on appeal as Supreme Court Rule 7.07(b)(1) (2018 Kan. S. Ct. R. 50) does not allow attorney fees on appeal from a Workers Compensation Board decision.

We affirm in part, reverse in part, dismiss in part, and remand with directions.

3

Pierson, an employee of Topeka, was injured while working in September 2012. Pierson immediately began medical treatment with his own doctor and provided notice of the work-related injury to Topeka on October 8, 2012. Topeka denied the workers compensation claim and did not pay or provide medical services. On July 14, 2014, the ALJ found Pierson's work was the prevailing factor of his injury, and he had a 15 percent permanent partial impairment rating. The ALJ noted he was "unaware of any additional medical expense requested by the claimant. Nevertheless, all medical care necessary to cure and relieve the effects of claimant's injury be [*sic*] repetitive trauma is ordered paid by the self-insured respondent." The ALJ also found Pierson was entitled to future medical care. Topeka appealed.

The Board found Pierson's work was the prevailing factor of his injury and affirmed the permanent partial impairment rating of 15 percent. The Board further found any medical treatment Pierson received before October 8, 2012, was unauthorized. The Board ordered Topeka to pay "all medical expenses incurred by claimant commencing October 8, 2012, necessary to cure and relieve the effects of his work injuries." The Board concluded Pierson was "entitled to future medical benefits upon proper application and approval."

On February 11, 2015, Topeka appealed to this court, arguing the Board lacked sufficient evidence to conclude Pierson's permanent partial impairment was 15 percent and that Pierson's work was the prevailing factor to his injury. Our court affirmed the Board in an opinion issued February 19, 2016. *Pierson v. City of Topeka*, No. 113,247, 2016 WL 687726, at *3-5 (Kan. App. 2016) (unpublished opinion). Topeka did not petition for review.

On April 7, 2015 (while the first appeal was pending), Pierson filed an application for modification of medical benefits. The form utilized has an option for the applicant to request postaward medical termination or modification of medical benefits. Here, Pierson marked the box to apply for postaward medical, termination, or modification of medical benefits authorized on July 14, 2014 (the date of the ALJ's order). Additionally, he wrote: "Claimant continues to have symptoms from the work-related injury, and is currently in treatment with Dr. Sankoorikal. Claimant requests that Dr. Sankoorikal be authorized." The application does not include any other specific requests or comments.

On March 3, 2016, Pierson sent a demand letter to Topeka stating, "[A]ll compensation ordered and awarded by the Appeals Board is now due and owing, and [Pierson] is entitled to immediate payment of the same." Pierson did not include a list of various medical expenses or supporting documentation. The record is silent on how Topeka responded to the demand letter.

On August 11, 2016, Pierson moved for a penalty hearing with the ALJ because Topeka had not paid Pierson's preaward or postaward medical expenses as demanded in the March 3, 2016 letter. A copy of the demand letter was attached as an exhibit. A payment ledger detailing Pierson's medical expenses was also attached as an exhibit. This is the first time any medical bills or accounting of such bills appears in the record on appeal.

Pierson also requested penalties for Topeka's failure to pay the medical expenses, and in a later motion, attorney fees of $225 per hour for 16.6 hours, or $3,735. Pierson argued he was entitled to recover fees at the rate of $225 per hour based on his attorney's experience as well as the time and labor involved in representing Pierson in the postaward proceedings.

On April 10, 2017, the ALJ entered his postaward order finding he did not have jurisdiction to order payment for the preaward medical expenses because his authority was limited to addressing postaward issues per Pierson's application for modification of medical benefits dated April 7, 2015. The ALJ also found K.S.A. 2017 Supp. 44-510k only allowed Pierson to recover for postaward medical expenses going back six months from the date of his motion for penalty hearing. Although Pierson's application for modification of medical benefits was filed on April 7, 2015, the ALJ disregarded this date because there was no previous hearing or judgment on the application. The ALJ treated Pierson's motion for penalty hearing, filed on August 11, 2016, as a new application for postaward medical expenses, and the ALJ ordered Topeka to pay Pierson for medical expenses starting February 11, 2016 (six months before the motion for penalty hearing was filed).

The ALJ denied penalties, reasoning Pierson was still being treated by physicians unapproved by Topeka but neither he nor Topeka had attempted to remedy this issue. Finally, the ALJ awarded attorney fees, but at a reduced rate of $175 per hour, or $2,905, because of the past practice and allowance of attorney fees approved in *Bradley v. Havens Steel Company*, No. 137,873, 2015 WL 996907 (Kan. WCAB February 19, 2015).

Both Pierson and Topeka appealed the ALJ's postaward order to the Board which entered its order on June 23, 2017. The Board found Topeka did not originally challenge the preaward medical expenses when it pursued its previous appeal to the Court of Appeals; thus, the Board reasoned Topeka could not now argue the preaward medical expenses were submitted out of time. The Board further found the ALJ did not determine if the preaward medical expenses were reasonably necessary to cure and relieve the effects of Pierson's work injury; therefore, the Board remanded this issue to the ALJ. The Board ordered Topeka to pay Pierson's postaward medical expenses starting October 7, 2014, six months before Pierson filed his application for modification of medical

6

benefits. The Board reasoned Pierson's application did not need to specify any relief, it only had to be the correct form as required by K.S.A. 2017 Supp. 44-510k and K.A.R. 51-1-1. The Board further found Pierson was not entitled to statutory penalties because his demand letter did not include any itemization of his medical bills as required by K.S.A. 44-512a, instead Pierson sent the itemization with his motion for penalty hearing. Finally, with no analysis, the Board affirmed the ALJ's approval of attorney fees of $2,905, based on the reduced rate of $175 per hour.

Topeka appeals the Board's decision, once again arguing the ALJ and Board lacked jurisdiction on Pierson's preaward medical expenses because he did not submit evidence of his expenses before the terminal date or the ALJ's July 14, 2014 order. It also argues the preaward medical expenses are time barred under K.S.A. 2017 Supp. 44-510k because all of those expenses were more than six months old before the date of Pierson's application for modification of medical benefits. Topeka further claims Pierson is not entitled to postaward medical expenses until February 11, 2016, because it claims the six-month jurisdictional window started when Pierson filed his motion for penalty hearing. Topeka claims the postaward application filed on April 7, 2015, does not request any postaward payments; it only requested Dr. Sankoorikal be authorized as a treating provider. Additionally, Topeka argues Pierson is not entitled to penalties or attorney fees.

Pierson cross-appealed, arguing this court lacks jurisdiction over the preaward medical expenses because the Board remanded this issue to the ALJ to determine if the preaward medical expenses were reasonably necessary to cure and relieve the effects of the injury. Pierson argues the law of the case prevents Topeka from litigating issues it could have brought in its original appeal, but failed to do so. Pierson also argues he is entitled to penalties and attorney fees as he requested from the ALJ and the Board. Additionally, in a separate motion, Pierson argues he is entitled to attorney fees for the cost of this appeal under Kansas Supreme Court Rule 7.07(b).

ANALYSIS

THIS COURT LACKS JURISDICTION TO ADDRESS THE PREAWARD MEDICAL EXPENSES BUT HAS JURISDICTION OVER POSTAWARD MEDICAL EXPENSES, STATUTORY PENALTIES, AND ATTORNEY FEES.

*Preaward Medical Expenses*

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). K.S.A. 2017 Supp. 44-556(a) provides final orders from the Board are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., as amended. Under the KJRA, a party who exhausted administrative remedies is "entitled to judicial review of *final agency action*, whether or not the person has sought judicial review of any related nonfinal agency action." (Emphasis added.) K.S.A. 77-607(a). Without final agency action, this court lacks jurisdiction over the issue. *Williams v. Gen. Elec. Co.*, 27 Kan. App. 2d 792, 793, 9 P.3d 1267 (1999) (finding no jurisdiction on a matter remanded from the Board to the ALJ because the agency action was not final).

"'Final agency action'" is defined as the "whole or a part of any agency action other than nonfinal agency action." K.S.A. 77-607(b)(1). "'Nonfinal agency action'" is "the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency." K.S.A. 77-607(b)(2). An action is not final if the matter is still under "active consideration" by the agency. *Guss v. Fort Hays State Univ.*, 38 Kan. App. 2d 912, 917, 173 P.3d 1159 (2008).

A panel of this court addressed similar circumstances in *Guss*. Fort Hays State University (FHSU) went through the termination procedures and fired Guss. After

providing Guss with a termination letter, FHSU also began calculating his unpaid sick leave to pay him for it. Guss petitioned the court for relief, and FHSU argued he failed to exhaust his administrative remedies because FHSU did not finish calculating and distributing his sick pay before he filed with the court. A panel of our court examined whether the FHSU letter to Guss was a final action under the KJRA. Concluding it was, our court noted "[t]here was no dispute as to the amount of Guss' accumulated sick leave . . . [t]he fact that there remained to be done the ministerial tasks of doing the mathematical calculation and issuing a check does not establish that the matter was still under active consideration." *Guss*, 38 Kan. App. 2d at 917.

Here, the Board's remand of Pierson's preaward medical expenses to the ALJ is a nonfinal agency action. See K.S.A. 77-607(b)(2). By its very nature, the Board's remand is an intermediate act because the ALJ is ordered to decide what expenses were reasonably necessary to cure and relieve the effects of Pierson's injury. See K.S.A. 77-607(b)(2). The remand keeps the preaward medical expenses as an issue under "active consideration" by the agency. *Guss*, 38 Kan. App. 2d at 917. Determining whether some expenses were reasonably necessary to cure and relieve Pierson's injuries is not a "ministerial task" of "mathematical calculation." See 38 Kan. App. 2d at 917. Since the Board remanded the preaward medical expense issue to the ALJ, we do not have jurisdiction to consider it. Thus, we dismiss that portion of Topeka's appeal.

*Postaward Medical Expenses, Statutory Penalties, and Attorney Fees*

The Board's order was a final agency action on Pierson's claim for postaward medical expenses, statutory penalties, and attorney fees; therefore, the KJRA grants our court authority to address those issues. A final agency action may be the "whole *or a part of* any agency action other than nonfinal agency action." (Emphasis added.) K.S.A. 77-607(b)(1). The Board denied statutory penalties, approved the attorney fees granted by the ALJ, and ordered Topeka to pay postaward medical expenses for the six months

before the application for modification of medical benefits was filed on April 7, 2015—or starting on October 7, 2014. The Board's decision on these three issues does not require any future determination or subsequent agency action. We have jurisdiction to address them.

*Law of the case does not apply.*

Pierson argues the law of the case from the first appeal applies and eliminates Topeka's ability to challenge the Board's decision on postaward medical expenses in this appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

The law of the case doctrine prevents relitigation of the same issues within successive stages of the same lawsuit. *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998). It does not settle the parties' rights, only the law to be applied in determining their rights. *Collier*, 263 Kan. at 634.

> "[A]n argument once made to and resolved by an appellate court becomes 'the law' in that case and generally cannot be challenged in a second appeal. Thus, once the court decides an issue, that issue should not be relitigated or reconsidered unless it is clearly erroneous or unless some manifest injustice has been imposed. [Citations omitted.]" *Washington Mut. Bank, F.A. v. Brooks*, No. 110,423, 2014 WL 4082084, at *3 (Kan. App. 2014) (unpublished opinion).

The law of the case doctrine is "'a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so.' [Citations omitted.]" *Venters v. Sellers*, 293 Kan. 87, 99, 261 P.3d 538 (2011). Some jurisdictions apply the law of the case doctrine to prohibit new issues raised on appeal when a party failed to raise the issue in the first appeal. E.g. *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016). However,

10

Kansas courts use the law of the case doctrine if the issue in the current proceeding was decided in the initial appeal. E.g. *Collier*, 263 Kan. at 634, 637 (precluding the defendant's resentencing to a hard 40 term of imprisonment because the issue was addressed in a prior appeal); *Brooks*, 2014 WL 4082084, at *3 (denying relitigation of the same issues previously affirmed by the appellate court).

The Court of Appeals previously found the Board had sufficient competent evidence to conclude Pierson's work was the prevailing factor of his injuries and his permanent partial impairment rating was 15 percent. *Pierson*, 2016 WL 687726, at *4. This court's decision ultimately affirmed Pierson's right to apply for postaward medical expenses. However, the issue presently before our court is new and arises because Pierson exercised his right to apply for the postaward benefits. In this second appeal, the new issue was not addressed in the prior appeal—whether Pierson should recover postaward benefits for up to six months before the date he filed his application for modification of medical benefits on April 7, 2015, or the date he filed his motion for penalty hearing on August 11, 2016. This case is unlike *Collier* where the Kansas Supreme Court applied the law of the case to prevent resentencing the defendant to a hard 40 sentence because the court had previously ruled on the same issue in the previous appeal. See *Collier*, 263 Kan. at 634, 637. Here, the law of the case doctrine does not prohibit this court's jurisdiction over the postaward benefits because the issue was not ripe for resolution in the previous appeal. Similarly, the statutory penalties and attorney fees are new issues now properly before this court in Pierson's cross-appeal. These issues are not prohibited by the law of the case doctrine because the issues did not exist in the previous appeal and arose after Topeka failed to timely pay Pierson's postaward medical expenses.

PIERSON IS ENTITLED POSTAWARD MEDICAL COMPENSATION STARTING FEBRUARY 11, 2016.

*Pierson's April 7, 2015 application was not a request for postaward medical compensation.*

Topeka argues the Board erred by applying the six-month statutory period in K.S.A. 2017 Supp. 44-510k(b) to Pierson's April 7, 2015 application for modification of medical benefits. Topeka claims the application is insufficient to conclude Pierson sought postaward medical expense compensation when he filed his application on April 7, 2015. We agree.

"'When an appellant alleges the Board erroneously applied the law to undisputed facts, an appellate court has de novo review of the issue.' [Citation omitted.]" *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 618, 352 P.3d 587 (2015). An appellate court reviews a challenge to the Board's factual findings in light of the record as a whole to determine whether the findings are supported to the appropriate standard of proof by substantial evidence. See K.S.A. 2017 Supp. 77-621(c)(7). "'[I]n light of the record as a whole'" is statutorily defined as meaning:

> "[T]he adequacy of the evidence in the record before the court to support a particular finding of fact shall be judged in light of all the relevant evidence in the record cited by any party that detracts from such finding as well as all of the relevant evidence in the record, compiled pursuant to K.S.A. 77-620, and amendments thereto, cited by any party that supports such finding, including any determinations of veracity by the presiding officer who personally observed the demeanor of the witness and the agency's explanation of why the relevant evidence in the record supports its material findings of fact. In reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review." K.S.A. 2017 Supp. 77-621(d).

12

"Substantial evidence" refers to "'evidence possessing something of substance and relevant consequence to induce the conclusion that the award was proper, furnishing a basis [of fact] from which the issue raised could be easily resolved.' [Citation omitted.]" *Rogers v. ALT-A&M JV*, 52 Kan. App. 2d 213, 216, 364 P.3d 1206 (2015).

When determining fact questions, an appellate court's responsibility is to review the record as a whole to determine whether the Board's factual determinations are supported by substantial evidence.

> "This analysis requires the court to (1) review evidence both supporting and contradicting the agency's findings; (2) examine the presiding officer's credibility determination, if any; and (3) review the agency's explanation as to why the evidence supports its findings. The court does not reweigh the evidence or engage in de novo review. [Citations omitted.]" *Williams v. Petromark Drilling*, 299 Kan. 792, 795, 326 P.3d 1057 (2014).

Once an employee is awarded the right to future medical treatment, K.S.A. 2017 Supp. 44-510k(a)(1) allows the employee to file an application "for the furnishing, termination or modification of medical treatment." The ALJ may then award medical treatment going back no more than "six months following the filing of such application for post-award medical treatment." K.S.A. 2017 Supp. 44-510k(b).

The Board found K.S.A. 2017 Supp. 44-510k does not require Pierson's application to contain certain language. However, the applicant can and should add an explanation to the form because the statute allows an employee to request different types of relief: "furnishing, termination or modification of medical treatment." K.S.A. 2017 Supp. 44-510k. Any application under K.S.A. 2017 Supp. 44-510k, without additional explanation, could be seeking medical treatment, an end to medical treatment, or a change to medical treatment. Without more details from the applicant, it is unclear which form of relief an employee seeks.

13

Pierson's additional explanation on his April 7, 2015 application specifically provided: "Claimant continues to have symptoms from the work-related injury, and is currently in treatment with Dr. Sankoorikal. Claimant requests that Dr. Sankoorikal be authorized." The application does not include any other requests or comments. Pierson's application also has a box marked for postaward medical, termination, or modification of medical benefits. Combining this information, it is clear Pierson applied for a modification of medical benefits because his application only seeks authorization of Dr. Sankoorikal. Pierson's application is therefore not a request for payment of his postaward medical expenses. Pierson's motion for penalty hearing is his only application requesting payment of postaward medical expenses. His motion was filed on August 11, 2016, and he is entitled to postaward medical compensation starting from February 11, 2016, or six months before his motion. The Board erred in deciding the start date was October 7, 2014.

*Pierson's postaward treatment was authorized.*

Topeka incidentally argues Pierson's postaward medical treatment was not authorized because it never approved treatment and the treatment was not allowed by the ALJ or the Board. However, K.S.A. 2017 Supp. 44-510j(h) makes an employer liable to the employee for the employee's payment of his or her own medical expenses when the employer "has knowledge of the injury and refuses or neglects to reasonably provide the services of a health care provider required by this act." The Kansas Supreme Court has already determined an employer who fails to provide medical services when it knows of the employee's injuries will be held liable to the employee for his or her expenses under the plain language of K.S.A. 2017 Supp. 44-510j(h). *Saylor v. Westar Energy, Inc.*, 292 Kan. 610, 623, 256 P.3d 828 (2011).

Here, the record shows Topeka refused to authorize medical treatment until well after Pierson filed his motion for penalty hearing on August 11, 2016, even though

14

Topeka knew he filed notice of his injury on October 8, 2012. Additionally, prior to Pierson's motion, Topeka knew he still needed medical care because he applied for postaward modification to change medical providers in 2015. From the start of this case, Topeka has refused to provide care. Under K.S.A. 2017 Supp. 44-510j(h), Topeka is liable to Pierson for his postaward medical expenses reasonably incurred for the care and treatment of his injury.

PIERSON IS NOT ENTITLED TO PENALTIES UNDER K.S.A. 44-512a.

On cross-appeal, Pierson alleges the Board erred in denying him penalties under K.S.A. 44-512a. "'When an appellant alleges the Board erroneously applied the law to undisputed facts, an appellate court has de novo review of the issue.' [Citation omitted.]" *Nuessen*, 51 Kan. App. 2d at 618.

An employee may recover penalties against an employer for failing to pay for any compensation awarded to the employee. K.S.A. 44-512a(a). In order to recover against the employer, the employee must show he or she has served his or her employer or its liable insurance carrier with a written demand for the payment. K.S.A. 44-512a(a)(1). The demand must set "forth with particularity the items of disability and medical compensation claimed to be unpaid and past due." K.S.A. 44-512a(a)(1).

Pierson's initial demand letter to Topeka lacked particularity because it did not provide any amount of medical expenses or supporting documents. As an exhibit to his motion for penalty hearing, Pierson provided a payment ledger detailing his past medical expenses. However, there is nothing in the record showing these or any other details were sent in the demand letter to Topeka. The Board correctly found Pierson's demand letter was insufficient to invoke the penalty provision against Topeka as required by K.S.A. 44-512a(a)(1).

15

PIERSON'S ATTORNEY FEES SHOULD BE CALCULATED IN COMPLIANCE WITH K.S.A. 2017 SUPP. 44-536(g).

Pierson alleges the ALJ and the Board did not apply the requirements of K.S.A. 2017 Supp. 44-536(g) when deciding the reasonable hourly rate of his attorney. We agree. "'When an appellant alleges the Board erroneously applied the law to undisputed facts, an appellate court has de novo review of the issue.' [Citation omitted.]" *Nuessen*, 51 Kan. App. 2d at 618.

The issue of whether an hourly rate is reasonable under K.S.A. 2017 Supp. 44-536 requires statutory interpretation. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *Hoesli*, 303 Kan. at 362. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

K.S.A. 2017 Supp. 44-536 awards payment for attorney fees in workers compensation cases for preaward and postaward claims. K.S.A. 2017 Supp. 44-536(b) awards reasonable attorney fees based on a contingency fee in the initial or original claim for compensation. To determine if the fees are reasonable, the Board uses factors nearly identical to those listed in KRPC 1.5(a). Compare K.S.A. 2017 Supp. 44-536(b)(1)-(8) with KRPC 1.5.

K.S.A. 2017 Supp. 44-536(g) awards payment of postaward workers compensation claims "on the basis of the reasonable and customary charges in the locality for such services and not on a contingent fee basis." K.S.A. 2017 Supp. 44-

16

536(g) thus requires two steps: attorney fees must be reasonable and the customary charge in the locality.

Kansas courts generally determine the reasonableness of attorney fees utilizing the eight factors set forth in KRPC 1.5(a). *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 169, 298 P.3d 1120 (2013). One of those factors, "the fee customarily charged in the locality for similar legal services" is identical to the second requirement of K.S.A. 2017 Supp. 44-536(g). Thus, an attorney fees analysis under K.S.A. 2017 Supp. 44-536(g) must incorporate the eight factors set forth in KRPC 1.5(a).

Before the ALJ and Board, Pierson argued he was entitled to recover fees at the rate of $225 per hour based on his attorney's experience as well as the time and labor involved in representing Pierson through the postaward proceedings. The ALJ awarded attorney fees at $175 per hour because this rate was previously used in *Bradley*, 2015 WL 996907, at *4. The Board did no analysis but approved the ALJ's findings.

In *Bradley*, the Board awarded fees at a rate of $175 per hour. Without further explanation, the Board determined the rate of $175 per hour was reasonable due to the attorney's experience, reputation, and the 10 years since the Board last increased the reasonable rate. Although the Board's decision in *Bradley* is based on the attorney's experience and reputation, the Board in *Bradley* did not explain whether the attorney's experience was great or minimal, or whether the attorney's reputation was good or bad. See *Bradley*, 2015 WL 996907, at *4.

Here, neither the ALJ nor the Board considered "the reasonable and customary charges in the locality" when determining whether the $225 per hour rate was reasonable for Pierson's attorney fees. Instead, the ALJ applied a past rate from a wholly different case. The rate in *Bradley* is alleged to be based upon the attorney's reputation and experience, but neither of those factors were weighed by the ALJ or the Board in

17

Pierson's case. Moreover, the ALJ and the Board did not consider any other factors when concluding the $175 per hour rate was reasonable. The Board erred in setting the attorney fee rate at $175 per hour, and this issue must be remanded below, with instructions to apply the reasonableness factors listed in KRPC 1.5(a), in conjunction with K.S.A. 2017 Supp. 44-536(g).

PIERSON IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL.

Pierson has filed a motion for attorney fees on appeal under K.S.A. 2017 Supp. 44-536(g) and Kansas Supreme Court Rule 7.07(b)(1). An award for attorney fees in a workers compensation case is controlled by statute. K.S.A. 2017 Supp. 44-536(g) specifically limits an award of attorney fees for issues raised only before the ALJ and Board, not on appeal: "In the event any attorney renders services to an employee or the employee's dependents, subsequent to the ultimate disposition of the initial and original claim, and in connection with an application for review and modification, a hearing for additional medical benefits, an application for penalties or otherwise." Attorney fees for costs incurred to prosecute the appeal is not one of the statutorily mandated provisions.

Rule 7.07(b)(1) authorizes an appellate court to award attorney fees for services on appeal in a case when "the district court had authority to award fees." A Kansas court may not award attorney fees unless there is an agreement between the parties or the court is authorized to do so by statute or court rule. *Snider v. Am. Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013). Whether the court has authority to award appellate attorney fees is a question of law over which appellate review is unlimited. See *Thoroughbred Assocs. v. Kansas City Royalty Co*., 297 Kan. 1193, 1215-16, 308 P.3d 1238 (2013).

Pierson's request is not within the scope of Supreme Court Rule 7.07(b)(1). A workers compensation case is not heard by the district court. *Rogers*, 52 Kan. App. 2d at

18

220. As a panel of our court has previously explained, Kansas Supreme Court Rule 7.07(b)(1) was amended and no longer allows fees awarded on the appeal of a case when the "trial court" had authority to do so. *Rogers*, 52 Kan. App. 2d at 221. The old rule was broader than the current rule, and the older version could be interpreted to award attorney fees in the appeal of a workers compensation case. *Rogers*, 52 Kan. App. 2d at 221. However, current Kansas Supreme Court Rule 7.07(b)(1) only authorizes an award of attorney fees for the appeal of a case when the district court had authority to award fees. As Pierson's case was never before any district court, he cannot recover attorney fees for the appeal of this case. See *Rogers*, 52 Kan. App. 2d at 220-21.

Affirmed in part, reversed in part, dismissed in part, and remanded with directions.