NOT DESIGNATED FOR PUBLICATION

No. 118,450

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CINDY CHRISTENSEN,
*Appellant*,

v.

HOME DEPOT,

and

NEW HAMPSHIRE INSURANCE COMPANY,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed March 1, 2019. Affirmed.

*Matthew R. Bergmann*, of Frieden, Unrein & Forbes, LLP, of Topeka, for appellant.

*Kendra M. Oakes*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Receipt of workers compensation benefits depends on compliance with the workers compensation rules. One of those rules is the claimant must have prior authorization for medical care. See K.S.A. 2018 Supp. 44-510h(a) and (b)(1). Here, Cindy Christensen went to see several health care providers without obtaining prior authorization. Now, she appeals the Workers Compensation Board's denial of her claims for reimbursement of her postaward medical treatment and related expenses because she failed to obtain prior authorization. Christensen also appeals the Board's decision to not

1

determine whether the treatment was related to her injury when the Board found her treatment was unauthorized. Upon review of the briefs and record before us, we find no error by the Board and affirm.

FACTS

In September 2007, Christensen slipped while working at Home Depot and suffered injuries to her neck, lower back, and right arm. Between 2007 and 2013, Christensen filed nine applications for preliminary hearings and participated in four preliminary hearings.

In February 2013, Christensen agreed to a settlement based on 28 percent permanent impairment of the body as a whole on a running award. Christensen retained the right to seek future medical treatment "upon proper application to the Director of Workers' Compensation and with all parties retaining the right to review and modification." Following the settlement, Christensen received authorized care from Dr. Terrence Pratt, Dr. Steven Charapata, and Dr. Steven Hendler.

In 2014, Christensen went to see Dr. John Riley, a podiatrist, without prior medical approval by Home Depot because of numbness, burning spots, and pain in her feet. Dr. Riley recommended Christensen see a neurologist, so she began treating with Dr. Melanie Glenn at KU Medical Center. Dr. Glenn recommended a muscle biopsy in January 2015. According to Christensen, Dr. Pratt, her authorized provider, told her to follow through with the muscle biopsy recommended by Dr. Glenn.

Dr. Jabari Duaa performed the biopsy in April 2015. Dr. Glenn could not determine what was causing Christensen's pain and referred her to Dr. McCasey Smith. She treated with Dr. Smith for seven to nine months before the administrative law judge (ALJ) authorized Dr. Smith as a treatment provider in May 2016.

2

In September 2016, Christensen requested a postaward medical hearing for reimbursement of her medical mileage. At the hearing, Christensen acknowledged Home Depot did not authorize her to see Dr. Riley. However, she testified she was following the orders from the doctors she had seen and following their recommendations on whom to see. Christensen also admitted she had been recently hit by a car while riding her bicycle. Christensen acknowledged she completed a sprint triathlon, half iron triathlon, and several 5K runs.

On cross-examination, Christensen admitted the visits she submitted for reimbursement were treated differently than her authorized treatments. She also admitted she received communication from Home Depot stating no referrals from doctors were authorized unless either Home Depot or the ALJ clarified the orders beforehand. In addition to her training, Christensen testified she completed a 5K race in November 2014, a 10K race in July 2015, a 5K race and a triathlon in September 2015, 5K races in October and November 2015, a 10K race in March 2016, half-marathons in April and May 2016, and a short course triathlon in June 2016.

The ALJ found Christensen failed to prove her treatment was authorized by Home Depot. It noted Christensen admitted to seeking treatment with Dr. Riley on her own and found Christensen was never without an authorized treating physician, Dr. Pratt. The ALJ noted Home Depot notified Christensen that any referrals or recommendations needed to be specifically authorized. The ALJ also found "the care at issue was not directly related to the original work accident." Instead, it found the treatment related to her athletic activities and denied her request for reimbursement of medical expenses, paid and unpaid, mileage, tolls, and per diem totaling $14,780.83.

Christensen petitioned for review by the Kansas Workers Compensation Appeals Board (the Board). The Board adopted the findings of fact and conclusions of law in the ALJ's order. It found the ALJ correctly denied Christensen's claims for reimbursement for

her medical expenses and mileage. It also found "whether [Christensen]'s treatment was related to her injury is moot and will not be addressed."

ANALYSIS

Christensen argues the medical care and expenses at issue were reasonably necessary to cure and relieve her from the effects of her 2007 workers compensation injury. Christensen seeks reimbursement of her medical expenses, mileage, tolls, and per diem as reasonably necessary to cure the effects of her injury. Unfortunately, these issues are not properly before this court because the Board did not address these issues. See *Swartz v. Swartz*, 20 Kan. App. 2d 704, 708-09, 894 P.2d 209 (1995). Instead, the Board found the ALJ properly denied Christensen's claims for payment or reimbursement because Home Depot had not authorized the treatment. As a result, the Board also found "the issue of whether [Christensen]'s treatment was related to her injury is moot and will not be addressed." Thus, we have only two issues on appeal to address.

Under K.S.A. 2018 Supp. 44-556(a), final orders of the Workers Compensation Board are reviewed under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., as amended. The standard of review will vary depending on the issue raised. See K.S.A. 2018 Supp. 77-621.

An appellate court reviews a challenge to the Board's factual findings in light of the record as a whole to determine whether the findings are supported to the appropriate standard of proof by substantial evidence. See K.S.A. 2018 Supp. 77-621(c)(7). "'[I]n light of the record as a whole'" is statutorily defined as meaning:

> "[T]hat the adequacy of the evidence in the record before the court to support a particular finding of fact shall be judged in light of all the relevant evidence in the record cited by any party that detracts from such finding as well as all of the relevant evidence in the record, compiled pursuant to K.S.A. 77-620, and amendments thereto, cited by any party

4

that supports such finding, including any determinations of veracity by the presiding officer who personally observed the demeanor of the witness and the agency's explanation of why the relevant evidence in the record supports its material findings of fact. In reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review." K.S.A. 2018 Supp. 77-621(d).

"Substantial evidence" refers to "'"evidence possessing something of substance and relevant consequence to induce the conclusion that the award was proper, furnishing a basis [of fact] from which the issue raised could be easily resolved.'"'" *Rogers v. ALT-A&M JV*, 52 Kan. App. 2d 213, 216, 364 P.3d 1206 (2015).

"'When an appellant alleges the Board erroneously applied the law to undisputed facts, an appellate court has de novo review of the issue.'" *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 618, 352 P.3d 587 (2015). Similarly, appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing no deference to the agency's or the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013); *Le v. Armour Eckrich Meats*, 52 Kan. App. 2d 189, 193, 364 P.3d 571 (2015).

The Kansas Workers Compensation Act (the Act), K.S.A. 44-501 et seq., is to be "liberally construed *only* for the purpose of bringing employers and employees within the provisions of the act. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." (Emphasis added.) K.S.A. 2018 Supp. 44-501b(a); see *Fernandez*, 296 Kan. at 479-80.

The Act states an employer must provide medical treatment that is "reasonably necessary to cure and relieve the employee from the effects of the injury." K.S.A. 2018 Supp. 44-510h(a). A panel of this court recently observed the Act "clearly provides that when an employee does not obtain the appropriate authorization to use a particular health care provider, the maximum liability of the employer is $500." *Mohamed v. Tyson Fresh*

5

*Meats, Inc.*, No. 112,436, 2015 WL 4094333, at *3 (Kan. App. 2015) (unpublished opinion) (citing K.S.A. 44-510h[b][2] ["Without application or approval, an employee may consult a health care provider of the employee's choice . . . but the employer shall only be liable for the fees and charges of such health care provider up to a total amount of $500."]). However, if an employer knows of the injury and refuses or neglects to reasonably provide the services of a health care provider, the employee may consult with a health care provider of his or her choice, and "the employer shall be liable for such expenses subject to the regulations adopted by the director." K.S.A. 2018 Supp. 44-510j(h).

Here, the Board found Christensen failed to prove Home Depot or its insurance carrier authorized her medical treatment. The Board also found Christensen was never without an authorized treating physician. Finally, the Board found Christensen's treatment was not directly or implicitly authorized, found Home Depot was not liable for those expenses, and affirmed the ALJ's order.

Home Depot argues Christensen has waived and abandoned any challenge to the Board's finding that she failed to obtain the proper authorization for the medical expenses at issue. It contends Christensen does not argue the Board erred when it found the treatment was not authorized and believes the Board's finding "fatally ends" consideration of the issues Christensen does raise on appeal. However, Home Depot's argument is not persuasive.

Instead of addressing whether Home Depot directly or implicitly authorized her medical treatment, Christensen argues her medical care was reasonably necessary to cure and relieve her from the effects of her covered injury. Despite this, Christensen argues Home Depot failed to authorize any medical treatment following the muscle biopsy and suggests she was without an authorized treating physician from April 15, 2015, until May 19, 2016. Although she cites no authority, presumably Christensen is arguing K.S.A.

6

2018 Supp. 44-510j(h) should apply, and because Home Depot refused or neglected to provide treatment, it should be liable for her expenses. Similarly, she claims she "should not be prejudiced or disadvantaged for following the direction of medical doctors providing treatment, especially when such treatment was borne out of the recommendations of the physician authorized by" Home Depot. Christensen has briefed the issue.

Nevertheless, substantial competent evidence supports the Board's findings Home Depot never authorized her treatment. First, the ALJ's May 19, 2016 order authorizing Dr. Smith as an authorized provider specifically found Home Depot "has provided reasonable and necessary medical care in this case both before and after the running award Settlement Hearing approved by the Kansas Division of Workers Compensation." Home Depot provided authorized medical treatment with Dr. Hufford in January 2016. Christensen testified Home Depot reiterated that no referrals from doctors were authorized unless Home Depot or the court authorized the referral. A copy of the March 2015 letter advising Christensen no referrals were authorized without Home Depot or the court's authorization was admitted at the postaward hearing. Additionally, Christensen admitted since 2013, Home Depot scheduled authorized treatments for her and she had no evidence she had ever been charged for authorized treatments. Substantial competent evidence supports the Board's finding Home Depot did not authorize the treatments for which she now seeks reimbursement. The Board did not err when it denied Christensen's request for payment/reimbursement of her paid and unpaid medical expenses, including related travel expenses, because the treatments were not preauthorized.

Since we have determined Christensen's treatment was not authorized, it is unnecessary to address whether her treatments were related to her compensable injury; resolution would not affect our decision the medical treatments were not authorized.

Affirmed.

7