NOT DESIGNATED FOR PUBLICATION

No. 122,541

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MALLORY N. REITZ,
*Appellant*,

v.

THE UNIVERSITY OF KANSAS,
RESIDENCY APPEALS COMMITTEE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; MARK A. SIMPSON, judge. Opinion filed November 20, 2020. Affirmed.

*Christopher M. Reitz*, of Overland Park, for appellant.

*Eric J. Aufdengarten*, associate general counsel, of the University of Kansas, for appellee.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Mallory N. Reitz appeals a decision by the Douglas County District Court affirming the University of Kansas Residency Appeals Committee's denial of her application for resident classification at the University of Kansas. On appeal, Reitz contends that the Appeals Committee's determination was not supported by substantial competent evidence. She also contends that its determination was unreasonable, arbitrary, or capricious. In addition, Reitz contends that the district court conducted an improper review of the Appeals Committee's determination. After reviewing the record, we find no reversible error. Thus, we affirm the district court's decision.

FACTS

Reitz was born in Kansas in 1998 and continued to live here until 2010. In 2010, she moved with her parents to Mississippi and then moved to Illinois the following year. After graduating from high school in Illinois, she became a student at Illinois Central College in August 2015. At Illinois Central, Reitz was classified as a resident of the State of Illinois. The following year, she transferred to the University of Kansas (KU) as a non-resident student. Since transferring to KU, Reitz has remained continuously enrolled as a full-time student.

On December 15, 2017, Reitz' parents moved back to Kansas. It is unclear from the record whether Reitz ever moved into her parents' home after they returned to Kansas or simply visited their home on occasion. However, she does list her parents' home as her permanent address. Although Reitz' parents contribute to her tuition and other educational expenses at KU, they do not claim her as a dependent for tax purposes. Reitz is also the recipient of a KU Midwest Exchange Scholarship. This scholarship is awarded to qualified out-of-state transfer students from certain states, including the State of Illinois.

On February 21, 2019, Reitz submitted an application to KU in which she asked to be reclassified as a resident of the State of Kansas. In her application, Reitz was asked: "Why did you come/return to Kansas?" and she responded "To attend K.U. Parents moved back for jobs." Further, it is undisputed that she physically moved back to Kansas when she transferred from Illinois Central College to KU in 2016. It is also undisputed that her parents did not move back to Kansas until more than a year after she started attending classes at KU.

In her application, Reitz supported her request for resident classification by pointing significant family connections to both KU and the State of Kansas. She also

reported that she has a Kansas driver's license and a Kansas hunting license. Additionally, she reported that her car is registered in Kansas, that she leases a residence in Kansas, and that she lives full time in Kansas. Moreover, Reitz stated that she had no connections to any other state and intended to remain in Kansas after her graduation.

With her application, Reitz included various financial information. This information included her 2018 Kansas income tax return, which listed her as a student and reported her to have an adjusted gross income to be $2,979.00. At the time she submitted her application for resident classification, Reitz was working for Kansas Athletics.

On March 11, 2019, the KU Registrar denied Reitz' application for resident tuition. She timely appealed the Registrar's denial of her application to the KU Residency Appeals Committee. On March 27, 2019, the Appeals Committee held a hearing to consider Reitz' appeal. The hearing was neither recorded nor transcribed. Instead, the record of the hearing consists of a one-page unsigned document entitled, "Residency Appeal Public Vote." The only named listed on the document is "Mallory Reitz," and it is undisputed that she was not represented by counsel at the hearing.

According to the record, the Appeals Committee denied Reitz' appeal on a 4-0 vote. A box is checked off on the pre-printed form that states: "The student has not demonstrated that the student is residing in Kansas for a purpose other than educational." It appears that Reitz was notified regarding the denial of her appeal in a letter signed by the Chair of the Appeals Committee. The letter stated that Reitz' appeal was denied on the same ground as stated on the form.

On April 25, 2019, Reitz filed a petition for judicial review in the Douglas County District Court. Before the district court, Reitz was represented by legal counsel. The parties submitted briefs to the district court regarding their respective positions and

3

agreed that no oral argument was necessary. On February 5, 2020, the district court issued a Memorandum Decision denying Reitz' petition for relief and affirming the Appeals Committee's determination. Thereafter, Reitz timely appealed the district court's decision.

ANALYSIS

*Issues Presented and Standard of Review*

On appeal, Reitz presents three issues. First, whether the KU Residency Appeals Committee acted unreasonably, arbitrarily, or capriciously. Second, whether the KU Appeals Residency Appeals Committee's determination is supported by substantial competent evidence. Third, whether the district court applied the appropriate standard of review in affirming the Committee's action. KU set forth the same issues but in a different order.

As the parties recognize, the determination by the KU Residency Appeals Committee constitutes a final action subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. Under the KJRA, we are to review the record in order to determine whether the Appeals Committee acted within the scope of its authority, whether its determination was substantially supported by evidence, or whether the decision was fraudulent, arbitrary, or capricious. See *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1129, 307 P.3d 1255 (2013). On appeal, the burden of proving the invalidity of the final action taken by the KU Appeals Committee rests with Reitz. K.S.A. 77-621(a)(1); *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 953, 335 P.3d 1178 (2014).

If an issue presented on appeal turns on an interpretation of a statute or regulation, our review is unlimited. *Redd v. Kansas Truck Center*, 291 Kan. 176, 187-88, 239 P.3d

4

66 (2010). On the other hand, we review factual findings to determine whether they are supported by substantial evidence in light of the record as a whole. K.S.A. 77-621(c)(7); *Sierra Club v. Moser*, 298 Kan. 22, 62-63, 310 P.3d 360 (2013). In making this determination, we must review evidence both that supports and detracts from the Appeals Committee's findings. K.S.A. 77-621(d). "Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion." *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 916, 157 P.3d 1109 (2007). In reviewing the evidence in the record, we are not to reweigh or engage in de novo review of the evidence presented below. *Williams v. Petromark Drilling*, 299 Kan. 792, 795, 326 P.3d 1057 (2014).

"An agency action is arbitrary or capricious if it is unreasonable or without foundation in fact." *Wright v. Kansas State Board of Education*, 46 Kan. App. 2d 1046, 1059, 268 P.3d 1231 (2012); see *Pork Motel, Corp. v. Kansas Department of Health and Environment*, 234 Kan. 374, 381, 673 P.2d 1126 (1983). Factors that may be considered in determining the reasonableness of a decision include:  (1) whether the agency relied on factors that the Legislature had not intended it to consider; (2) whether the agency entirely failed to consider an important aspect of the problem; (3) whether the agency's explanation of its action runs counter to the evidence before it; and (4) whether the agency's explanation is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Wheatland Electric Cooperative v. Polansky*, 46 Kan. App. 2d 746, 757, 265 P.3d 1194 (2011), citing *Motor Vehicle Mfrs. Assn. v. State Farm Mut.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983). Ultimately, under the KJRA, we consider this appeal from the district court as if the petition for review of the Appeals Committee's decision had been originally filed with us. See *In re Tax Appeal of Fleet*, 293 Kan. 768, 776, 272 P.3d 583 (2012); *Carlson Auction Service, Inc. v. Kansas Corporation Comm'n*, 55 Kan. App. 2d 345, 349, 413 P.3d 448 (2018).

*Determination Was Not Unreasonable, Arbitrary, or Capricious*

First, Reitz contends that the determination of the KU Residency Appeals Committee was unreasonable, arbitrary, or capricious. Specifically, Reitz argues that the Appeals Committee improperly relied on grounds for determining that she was not a resident of Kansas based on information not contained on KU's website. She also argues that Appeals Committee did not notify her in advance that they would use an attorney at the hearing. Finally, she argues that KU unreasonably failed to produce a recording or notes of the hearing.

> "It is well recognized that a state has a legitimate interest in protecting and preserving the quality of its colleges and universities as well as the right of its bona fide residents to attend such institutions on a preferential tuition basis. Therefore, a state can 'establish such reasonable criteria for in-state status as to make *virtually certain* that students who are not, in fact, bona fide residents of the state, but who have come there solely for educational purposes, cannot take advantage of the in-state rates.'" [Citations omitted.] *Lockett v. University of Kansas, Residence Appeals Committee*, 33 Kan. App. 2d 931, 941, 111 P.3d 170 (2005).

To this end, K.S.A. 76-729(a)(1) defines residency and nonresidency for the purpose of tuition status at Kansas higher education institutions. In addition, K.S.A. 76-730 requires the board of regents to adopt rules and regulations for determining the residence of persons enrolling in state educational institutions. Pursuant to its statutory mandate, the board of regents promulgated eight relevant factors to be used to determine resident status. K.A.R. 88-3-2(b).

Specifically, the applicable regulation lists the following factors, which, "while not conclusive, shall be given probative value in support of a claim for resident status."

> "(1) Continuous presence in Kansas, except for brief temporary absences, during periods when not enrolled as a student;

"(2) employment in Kansas;

"(3) payment of Kansas state resident income taxes;

"(4) reliance on Kansas sources for financial support;

"(5) commitment to an education program that indicates an intent to remain permanently in Kansas;

"(6) acceptance of an offer of permanent employment in Kansas;

"(7) admission to a licensed practicing profession in Kansas; or

"(8) ownership of a home in Kansas." K.A.R. 88-3-2(b).

In addition, the regulation also lists factors which establish non-resident status, including:

"*Maintenance of ties with another state or country,* including financial support, voting, payment of personal property taxes, registering a vehicle or securing a driver's license in that state or country, may be considered sufficient evidence that residence in the other state or country has been retained." (Emphasis added.) K.A.R. 88-33-2(e).

Finally, and most significant to our analysis, the regulation also establishes a presumption of non-residency for full-time students and places the burden of overcoming that presumption on the student.

"If a person is continuously enrolled for a full academic program as defined by the institution were enrolled, it shall be presumed that the student is in Kansas for educational purposes, and the burden shall be on the student to prove otherwise." K.A.R. 88-3-2(d).

7

To begin, Reitz asserts that the Appeals Committee improperly applied the full list of regulatory factors for determining her residency status rather than applying the more limited summary of the regulatory factors that are displayed on the KU Registrar's website. On its website, the KU Registrar's office highlights some of the regulatory criteria. In particular, it cites to K.A.R. 88-3-2 and emphasizes the heavy burden facing students in attempting to establish residency. Although Reitz points out the website does not list all of the factors within the regulation, it does expressly state that "Resident tuition classification is determined by criteria found in Kansas statutes and regulations of the Kansas Board of Regents" and that the website "is a general overview of the procedures and criteria used to determine resident status. It does not replace or supersede the statutes or Regents' regulations which contain the detailed requirements that must be met in order to prove resident status." In addition, the website cautions that "demonstrating that you have met these criteria while attending school can be difficult."

Here, the sole reason set forth in the Residency Appeals Committee Public Vote form for denying Reitz' appeal was that "[t]he student has not demonstrated that [she] is residing in Kansas for a purpose other than educational." This language is taken from K.A.R. 88-3-2(d), which provides:  "If a person is continuously enrolled for a full academic program as defined by the institution where enrolled, it shall be presumed that the student is in Kansas for educational purposes, and the burden shall be on the student to prove otherwise." Accordingly, we find that the Appeals Committee appropriately looked to K.A.R. 88-3-2(d) in evaluating Reitz' residence application.

Further, we are not persuaded by Reitz' argument that the Appeals Committee acted in an unreasonable, arbitrary, or capricious manner by applying the factors inconsistently when evaluating her residence application. In this regard, Reitz contends, that she "satisfied" the summarized factors listed on the Registrar's website and, therefore, should have been considered a resident for tuition status. However, Reitz does not point to any evidence in the record to support this contention. In particular, we find

nothing in the record to establish that the Appeals Committee found any particular factor in her favor. Instead, a review of the record reveals that the Appeals Committee based its determination solely on its finding that Reitz had failed to demonstrate that she "is residing in Kansas for a purpose other than educational." We will review whether there is substantial competent evidence to support this finding in the next section of this opinion. However, at this point, we conclude that the Appeals Committee's reliance on K.A.R. 88-3-2(d) in considering Reitz' application for residency status was not unreasonable, arbitrary, or capricious.

Next, Reitz argues that the Appeals Committee's use of a lawyer to cross-examine her at the hearing was unreasonable, arbitrary, and capricious. However, Reitz concedes that she cannot find any statute, regulation, or case that prohibits the Appeals Committee from using an attorney during the hearing. Likewise, we cannot find any such authority. We also find nothing in the record to establish that an attorney cross-examined Reitz at the hearing. Regardless, even if an attorney was present and participated in the hearing, we do not find this to be unreasonable, arbitrary, or capricious.

Similarly, Reitz has not pointed to anything in the record to establish that she was prevented from bringing an attorney to the hearing if she desired to do so. Rather, we note that there is a "Hearing Registration Form" in the record that provides that she was invited to have others attend the hearing "with or on behalf of the Student." Further, based on our review of the record, we see nothing that would suggest that Reitz asked to bring an attorney or other representative with her to the hearing or that such a request was denied. As a result, we find this argument to be unpersuasive.

Additionally, Reitz argues that the lack of a record of the Appeals Committee hearing is unreasonable, arbitrary, or capricious. In this regard, she alleges that a record was made of the hearing and that it was either lost or somehow destroyed. Reitz states that "[a] person who was not a member of the Residency Appeals Committee and was not

a student appealing their residency status appeared to be taking notes at the hearing." In addition, Reitz asserts that another student attempted to make a statement "on the record" in another hearing on the same day and was not corrected by the Committee.

Despite Reitz' assertions, we cannot find anything in the record to suggest that the hearing was actually recorded or that Reitz requested to record the proceedings. Likewise, we cannot tell who may have been taking notes or for what purpose. Moreover, even if another student in a different hearing stated that he or she desired to make a statement "on the record" and was not corrected, this does not mean that there was an official record. Significantly, Reitz does not cite to any authority to suggest that the Appeals Committee was required to make a record or otherwise transcribe the proceedings. Accordingly, although the sparse record kept by the KU Residency Appeals Committee makes judicial review more difficult, we do not conclude that it acted unreasonably, arbitrarily, or capriciously.

*Substantial Competent Evidence*

Second, Reitz contends that the denial of her application for resident classification by the KU Appeals Committee was not supported by substantial competent evidence. In addition, Reitz challenges alleged inconsistencies in the reasons given for her denied application and in the Appeals Committee's application of the regulatory factors. In response, KU contends that Reitz is presumed by law to be in Kansas for the purpose of obtaining an education and she failed to overcome this presumption. In particular, KU argues that Reitz has continuously been a full-time student since transferring from Illinois Central College in 2016.

Reitz suggests that the reason the KU Residency Appeals Committee gave for denying her appeal does not match the reason given by the Registrar for initially denying her application for resident classification. However, based on our review of the record,

we do not find the justifications given by the Registrar and the Appeals Committee to be in conflict. Specifically, we note that Reitz' application was denied both times because she failed to overcome the presumption that she was not in Kansas for a purpose other than to complete her education at KU. In particular, the record reflects that the Registrar noted, "denied—ed purp (parents are KS residents but student is not claimed as a dependent)," while the Appeals Committee noted that Reitz "has not demonstrated that [she] is residing in Kansas for a purpose other than educational."

In addition, regarding Reitz' argument that the KU Residency Appeals Committee applied different factors than those summarized on its webpage, we already found above that the Appeals Committee appropriately looked to K.A.R. 88-3-2(d) in evaluating her application. Likewise, as also addressed above, we do not find that the unchecked boxes on the Appeals Committee's form necessarily mean that the Appeals Committee decided that particular factor in Reitz' favor. Ultimately, Reitz is asking us to reweigh the evidence in the record and reach a different conclusion than the one reached by the Appeals Committee. However, even though we are empathetic towards Reitz' position, it is not our role to replace our judgment for that of the Appeals Committee if there is substantial competent evidence to support its decision.

Additionally, we note that both the Kansas Supreme Court and this court have previously upheld the denials of resident applications filed by students based on facts very similar to the facts of this case. In particular, our courts have affirmed denials of applications for resident classification where a student comes to this state for the purpose of attending a Kansas institution of higher education, starts immediately or shortly after arriving in the state, and remains continuously in the school for the duration of his or her college education. See *Peck v. University Residence Committee*, 248 Kan. 450, 807 P.2d 652 (1991); *In re Residency Application of Bybee*, 236 Kan. 443, 691 P.2d 37 (1984); *Lockett v. University of Kansas, Residence Appeals Committee*, 33 Kan. App. 2d 931, 111 P.3d 170 (2005). Thus, the only questions that we must answer are whether the

11

Appeals Committee's decision was supported by substantial competent evidence and whether its decision was "so wide of the mark to be outside the realm of fair debate." *Peck*, 248 Kan. at 456, quoting *Zinke & Trumbo Ltd. v. Kansas Corp. Commission*, 242 Kan. 470, 474 749 P.2d 21 (1988).

Here, a review of the record reveals that there is substantial competent evidence to support the decision of the KU Residency Appeals Committee. In particular, it is undisputed that Reitz transferred from Illinois Central College to attend KU in August 2016. It is also undisputed that at the time she was a resident of the State of Illinois. Additionally, it is undisputed that Reitz began taking classes at KU shortly after coming to Kansas and has continuously remained a full-time student. Further, it is undisputed that Reitz received—and at the time of her application for resident classification was still receiving—a KU Midwest Exchange Scholarship awarded to students from other states who transfer to KU from other institutions of higher education.

In her application for resident classification, Reitz was asked: "Why did you come/return to Kansas?" and she responded: "To attend K.U. Parents moved back for jobs." However, it is undisputed that Reitz' parents did not move to Kansas until December 2017, which was more than a year after Reitz began attending classes at KU. Although Reitz now lists her parents' home in Kansas as her permanent residence, there is nothing in the record to suggest that she has lived there for any significant length of time. Also, it is undisputed that although Reitz' parents help pay for her tuition and other related expenses, they do not claim her as a dependent for income tax purposes.

Certainly, reasonable minds could differ over the ultimate decision reached by the Appeals Committee. Nevertheless, we find the decision reached was reasonable based on the evidence presented. This is particularly true because Reitz was faced with the burden of overcoming the presumption set forth in K.A.R. 88-3-2(d), which provides that a student who "is continuously enrolled for a full academic program as defined by the

institution where enrolled, it shall be presumed that the student is in Kansas for educational purposes . . . ." Based on our review of the record as a whole, we conclude that there is substantial competent evidence to support the Appeals Committee.

*District Court's Standard of Review*

Finally, Reitz contends that the district court applied an improper standard of review when it affirmed the KU Residency Appeals Committee's denial of her application for resident classification. In particular, Reitz argues that the district court's discussion of the eight factors set forth in K.A.R. 88-3-2(b) was improper. However, we note that our Supreme Court similarly applied the eight factors from the regulation in *Peck* despite the lack of a similar evaluation by the Kansas State Residence Committee. See 248 Kan. at 455, 458-61. As such, we do not fault the district court for doing the same.

Regardless, as indicated above, we are to consider this appeal under the KJRA as if the petition for review of the Appeals Committee's decision had been originally filed with us. See *In re Tax Appeal of Fleet*, 293 Kan. at 776; *Carlson Auction Service, Inc.*, 55 Kan. App. 2d at 349. As such, even if the district court applied an improper standard of review, we have conducted our review of the issues presented consistent with the KJRA. Thus, any alleged error by the district court regarding the standard of review was harmless. See K.S.A. 77-621(e) (Under the KJRA, "due account shall be taken by the court of the rule of harmless error.").

CONCLUSION

In light of a review of the record as a whole, we find that the determination by the KU Residency Appeals Committee that Reitz failed to rebut the presumption of nonresidency was supported by substantial competent evidence. Likewise, we find no

13

basis to support Reitz' contention that denying her request to be reclassified as a resident of Kansas was unreasonable, arbitrary, or capricious. We, therefore, conclude that the district court's decision denying Reitz' petition for relief and affirming the determination of the Residency Appeals Committee is affirmed.

      Affirmed.